UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY RIFFLE | ) | CASE NO. |
| 9070 Heigle Rd. | ) | |
| Stoutsville, OH 43154 | ) | JUDGE |
| | ) | |
| and | ) | **COMPLAINT** |
| | ) | |
| JERRY TUCKER | ) | (Jury Demand Endorse Herein) |
| 1704 Union St. | ) | |
| Lancaster, OH 43130 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PRECISE BORING OF OHIO, LLC | ) | |
| (c/o) SAS Agent For Service, Inc. | ) | |
| 109 N. Broad St., Ste. 200 | ) | |
| Lancaster, OH 43130 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHAD CRIST | ) | |
| 6413 Westfall Rd. | ) | |
| Lancaster, OH 43130 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Now come Plaintiffs Randy Riffle and Jerry Tucker, by and through counsel, and for their Complaint against Defendants Precise Boring of Ohio, LLC and Chad Crist (collectively "Defendants") state and allege the following:

**INTRODUCTION**

1. Plaintiffs bring action as a result of Defendants' violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01-99 by virtue of Defendants' practice, policy and procedure of failing to pay overtime compensation for hours worked in excess of forty (40) per workweek and/or minimum wages.

**JURISDICATION AND VENUE**

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims under 28 U.S.C. § 1367 because these claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because some or all of the Defendants reside within this Court's jurisdiction, and because all, or a substantial part of, the events or omissions giving rise to Plaintiff's claims occurred within this Court's jurisdiction.

**PARTIES**

5. At all times relevant herein, Plaintiffs were citizens of the United States and residents of Fairfield County, Ohio.

6. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e), O.R.C. §§ 4111.01, *et seq.*, and Art. II, Sec. 34a, Ohio Constitution.

7. At all times relevant herein, Defendants maintained their principle place of business in Fairfield County, Ohio.

8. At all times relevant herein, Defendants were and are employers within the meaning of 29 U.S.C. § 203(d), O.R.C. §§ 4111.01, *et seq.*, and Art. II, Sec. 34a, Ohio Constitution.

9. Upon information and belief, at all times relevant herein, Defendant Chad Crist was a resident of Ohio. As owner, Defendant Crist exercised operational control over Precise Boring of Ohio, LLC. His operational control including determining whether or not to pay employees for all hours worked, as well as other payroll practices and procedures involving overtime pay.

10. At all times relevant herein, Defendants were and are an enterprise within the meaning of 29 U.S.C. § 203(r) and O.R.C. §§ 4111.01, *et seq.*

11. At all times relevant herein, Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**FACTUAL ALLEGATIONS**

13. Defendants provide horizontal directional drilling relating to gas pipelines and underground utilities. Defendants also provide pipe busting, vacuum excavation, directional drilling, and underground installation services to private and commercial clients, and municipalities, throughout Ohio.

14. Plaintiff Riffle worked for Defendants as a mechanic from approximately 2009 through approximately May 2012. In that capacity, he worked on excavators, pickup trucks, and other machinery.

15. Plaintiff Tucker worked for Defendants as a skilled laborer/locator between approximately 2009 and November 2013. Tucker worked primarily in horizontal directional drilling for underground utility insulation.

16. Plaintiffs worked more than forty (40) hours in a single workweek, and, at times, at and over eighty (80) hours in a single workweek.

17. Defendants frequently did not pay Plaintiffs overtime at a rate of one and one half times the usual hourly rate for any work hours in excess of forty (40) per workweek.

18. Defendants edited time records and simply failed to pay overtime at the rate required under the FLSA, 29 U.S.C. § 207. For Plaintiff Tucker, Defendants incorrectly calculated his overtime rate by failing to include all of his nondiscretionary compensation in calculating the regular rate, as required under the FLSA and corresponding regulations. 29 U.S.C. § 207; 29 C.F.R. chapter 778.

**COUNT ONE**
**(FLSA Overtime Violations)**

19. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

20. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

21. Plaintiffs should have been paid overtime wages in the amount of 150% of their normal hourly rate for all hours worked in excess of forty (40) hours per workweek. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff's overtime wages as required by federal law.

22. Defendants' unlawful conduct directly and proximately caused Plaintiffs to suffer damages for which they are entitled to judgment.

23. Defendants' violations have been willful and/or in reckless disregard of Plaintiffs' rights, and entitle Plaintiffs to liquidated and/or punitive damages.

## COUNT TWO
### (Ohio Overtime Violations)

24. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

25. Plaintiffs bring this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03,

26. Defendants are employers covered by the overtime requirements set forth in the OMFWSA.

5

27. As employees for Defendants, Plaintiffs worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages in the amount of one and one half (1.5x) their hourly rate of pay for this time spent working, as required by the OMFWSA.

28. Throughout Plaintiffs' employment, Defendants have known that they are required to pay Plaintiffs for all hours worked and overtime wages at the rate of one and one half (1.5x) Plaintiffs hourly rate of pay. In spite of such knowledge, Defendants have willfully withheld and failed to pay the wages and overtime compensation to which Plaintiffs are entitled.

29. Pursuant to the OMFWSA, Plaintiffs are entitled to unpaid overtime wages dating back two years.

30. The exact amount of compensation, including overtime, that Defendants have failed to pay Plaintiffs is unknown at this time, as many of the records necessary to make such precise calculations are in possession of Defendants.

31. The OMFWSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiffs are entitled to review their records of hours worked to determine the exact amount of overtime owed by Defendants. Absent Defendants properly keeping these records as required by law, Plaintiffs are entitled to submit their information about the number of hours worked.

32. Pursuant to the OMFWSA, Plaintiffs are entitled to relief, including unpaid wages and overtime wages, attorneys' fees, and cost incurred.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court:

A. Find that Plaintiffs are non-exempt employees entitled to protection under the FLSA;

B. Judgment that Defendants' practices violate the FLSA;

C. Judgment against Defendants in the amount of Plaintiffs unpaid back wages at the applicable overtime rates, and an equal amount as liquidated damages;

D. Find that Defendants' FLSA violations were willful;

E. Award Plaintiffs and all similarly situated individuals all costs and attorneys' fees incurred in prosecuting this action;

F. Compensatory, economic, and liquidated damages against all Defendants in an amount in excess of $75,000.00 to be proven at trial to fully compensate Plaintiffs for injuries caused by the Defendants;

G. For all such further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Ryan A. Winters
Ryan A. Winters (0086917)
Joseph F. Scott (0029780)
SCOTT & WINTERS LAW FIRM, LLC
815 Superior Ave. E. Ste. 1325
Cleveland, OH 44114
Telephone:  440-498-9100
rwinters@ohiowagelawyers.com
jfscld@yahoo.com
Attorneys for Plaintiffs

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                                /s/ Ryan A. Winters
                                                Ryan A. Winters (0086917)